## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **BRYANT DAVIS**, on behalf of himself and all others similarly situated, | ) ) ) | Case No. 1:19-cv-925 |
| Plaintiff, | ) ) | Magistrate Judge Thomas M. Parker |
| v. | ) ) ) | **ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT** |
| **ERIEVIEW METAL TREATING CO.**, | ) ) | **AND STIPULATION  OF DISMISSAL** |
| Defendant. | ) ) | **WITH PREJUDICE** |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The Joint Motion asks the Court to approve as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement Agreement"), which is attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion and its exhibits, the Settlement Agreement, and the Declaration of Robi Baishnab as well as the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, and in doing so, the Court approves the  Settlement Agreement, the proposed Notice, the proposed Consent and Release Form, the proposed allocation and calculation of payments for those who opt-in, and the proposed attorneys' fees and expense reimbursements to Class Counsel as follows:

1.	The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and under Ohio state law, on behalf of current and former non-exempt production employees of Defendant Erieview Metal Treating Co. ("Defendant") and who were allegedly not

paid overtime all overtime compensation earned at the rate of one and one-half their regular rate of pay for all hours they allegedly worked over forty (40) each workweek.

2.      On April 24, 2019, Representative Plaintiff Bryant Davis filed the Action as a collective action under the FLSA and as a class action pursuant to Federal Rule of Civil Procedure 23 whereby he alleged violations of the FLSA and Ohio state wage and hour law based on Defendant's alleged failure to pay its similarly-situated hourly non-exempt production employees for certain pre-shift work and for failing to include certain non-discretionary bonuses into their regular rates for the purposes of calculating overtime compensation; thereby resulting in the underpayment of overtime earned.[1]

3.      Since the filing of the Action, the Parties engaged in an informal yet comprehensive exchange of information regarding Representative Plaintiff's claims and Defendant's defenses to such claims.  This included an exchange of relevant payroll and time clock records as well as the calculation of Representative Plaintiff's and the Eligible Settlement Participants' alleged overtime damages. The Parties engaged in extensive factual and legal discussion and correspondence surrounding Representative Plaintiff's theories, the propriety of class and/or collective action treatment and Defendant's defenses.  The Parties engaged in extensive settlement negotiations, including a full day's mediation on September 24, 2019, before Mediator Jerome Weiss, at which time the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement, attached as Exhibit A to their Joint Motion.

4.      The Settlement will cover Representative Plaintiff and all of the Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms, attached as Exhibit 1 to the Settlement Agreement.

---

[1] ECF No. 1.

5.	The Eligible Settlement Participants may return Consent and Release Forms within forty-five (45) days after the mailing of the Notice.

6.	The Settlement Agreement provides that, in consideration of settlement payments, the Action is to be dismissed with prejudice.

7.	The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Court finds that the Settlement resulted from arms'-length negotiations between experienced counsel after substantial investigation and was facilitated during a full day of mediation conducted by third-party neutral, Jerome Weiss.  Class Counsel has informed the Court that they believe the Settlement is fair, reasonable and adequate and in the best interests of the Representative Plaintiff and Eligible Settlement Participants.  The Court has considered all relevant facts, including the risk, complexity, expense and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

8.	The Court approves the Settlement Agreement, the proposed Notice, and the proposed Consent and Release Form, and orders that the Settlement be implemented according to the terms and conditions of the  Settlement Agreement and as directed herein.  The Court grants final approval of the Settlement as to the Representative Plaintiff and all Eligible Settlement Participants who elect to participate in the Settlement by signing and returning a Consent and Release Form.

9.	The Court finds that the proposed allocation and calculation of payments for those who opt-in are fair and reasonable, and subject to the terms and conditions, set forth in the Settlement Agreement.

10.　　The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Settlement Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

11.　　The Court approves the payment of the additional Service Payment to the Representative Plaintiff Bryant Davis, which constitutes an award for serving as the representative plaintiff in this Action and constitutes additional consideration for the promises made by Mr. Davis in the Settlement Agreement.  Further, the Court orders that such Service Payment be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

12.　　The Court dismisses the claims of the Representative Plaintiff and Eligible Settlement Participants who sign and return Consent and Release Forms with prejudice, and enters final judgment dismissing them from the Action.  The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

13.　　The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and the distribution process.

**SO ORDERED:**

Date:　10/29/2019

Honorable Thomas M. Parker
United States Magistrate Judge

4

**SO STIPULATED:**

**NILGES DRAHER LLC**                                **REMINGER CO., L.P.A.**

*/s/  Robi J. Baishnab*                              */s/  James O'Connor*
Robi J. Baishnab (0086195)                           James O'Connor (0063428)
34 N. High St., Ste. 502                             Jonathan H. Krol (0088102(
Columbus, OH 43215                                   101 West Prospect Avenue, Suite 1400
Telephone:  (614) 824-5770                           Cleveland, Ohio  44115
Facsimile: (330) 754-1430                            Telephone:    (216) 687-1300
Email: rbaishnab@ohlaborlaw.com                      Email:  joconnor@reminger.com
                                                             kzorc@reminger.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D                   *Attorneys for Defendant Erieview Metal*
Massillon, OH 44646                                  *Treating Co.*
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email:  hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com


*Counsel for Plaintiff*

5